UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BRYCE FRANKLIN,

    Petitioner,

v.                                                                                                                      Civ. No. 21-304 WJ/GJF

GEORGE STEPHENSON, *Warden*,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.[1]

**ORDER ON PETITIONER'S MOTIONS FOR RESPONDENTS TO
PROVIDE ALL CITED AUTHORITY AND FOR LEAVE TO FILE A RESPONSE**

THIS MATTER is before the Court on Petitioner's Motion for Respondents to Provide All Cited Authority [ECF 11] and Petitioner's Motion for Leave to File a Response to Respondents' Answer after His Motion for Cited Authority Is Ruled On [ECF 12].  The motions are fully briefed. *See* ECFs 11-15.  For the reasons set forth below, the Court will **DENY** the Motion for Cited Authority [ECF 11] and **GRANT** the Motion for Leave to File a Response [ECF 12].

**I.    PARTIES' PRIMARY ARGUMENTS**

Petitioner's Motion for Cited Authority requests that the Court "order respondents to provide him access to the cases cited in their Answer."  ECF 11 at 5.  Petitioner seems to acknowledge that "whether to grant this request is at the discretion of the Court."  *Id.* (citing *Franklin v. Santistevan*, No. 18-cv-01156 JB/JHR, 2021 WL 1060773, 2021 U.S. Dist. LEXIS 52922, at *1-4 (D.N.M. Mar. 22, 2021) (Ritter, J.) ("*Franklin 1*") (finding, *inter alia*, that "Respondents [were] not constitutionally obligated to provide [Petitioner with] copies of every

---

[1] As noted by Respondents, George Stephenson is the current warden of the Lea County Correctional Facility and thus Petitioner's immediate physical custodian.  ECF 13 at 1 n.1.  Warden Stephenson is therefore properly substituted as a Respondent in this action.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-442 (2010).

legal authority cited" and declining to exercise the Court's discretion to provide Petitioner with "copies of [such] legal authority")).

For their part, Respondents note that "[t]he instant motion is essentially identical to Mr. Franklin's previously denied motions." ECF 13 at 1-3 (citing *Franklin 1*; *Franklin v. Santistevan*, No. 19-cv-450 JB/KRS, 2021 WL 1840369, 2021 U.S. Dist. LEXIS 82431 (D.N.M. Apr. 29, 2021) (Sweazea, J.) ("*Franklin II*")). In addition, Respondents assert that no legal authority requires them to provide him with copies of all of their cited authorities:

> Once again, Mr. Franklin wholly fails to establish that Respondents are required to provide him with the authorities cited in their answer or in any other pleading. That Mr. Franklin is more limited than Respondents in terms of what legal resources are easily available to him does not equate to a denial of the constitutional right of access to the courts; to the contrary, his extensive and vigorous history of filing in both the federal and state systems undercuts the very premise of his argument. As Mr. Franklin simply is experiencing "one of the incidental (and perfectly constitutional) consequences of conviction and incarceration[,]" *see Lewis v. Casey*, 518 U.S. 343, 355 (1996), Respondents respectfully ask this Court to deny [Petitioner's motion].

*Id.* at 3-5 (citations omitted).

## II. DISCUSSION

"[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Nevertheless, "an inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus." *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995); *see Bounds*, 430 U.S. at 828 n.17 ("Our main concern here is protecting the ability of an inmate to prepare a petition or complaint." (quotation omitted)); *Love v. Summit County*, 776 F.2d 908, 914 (10th Cir. 1985) ("The Supreme Court has never extended the Fourteenth Amendment due process claim based on access to the courts to apply further than protecting the ability of an inmate to prepare a petition or a complaint." (quotation and alteration omitted)).

"Once an inmate gains access to the court through a properly prepared and filed initial pleading, the court will then be in a position to determine whether the claim has any merit and whether the issues raised are unusually complex." *Carper*, 54 F.3d at 617 (quotation omitted). Indeed,

> [The Constitution] does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.[2]

For substantially the same reasons set forth by the Honorable Kevin R. Sweazea in *Franklin II* and by the Honorable Jerry H. Ritter in *Franklin I*, the Court agrees that Respondents are not required to provide Petitioner with copies of all of their cited authorities.

> The 10th Circuit reasons, in *Carper*, that jails don't have to provide assistance beyond initial pleading in part because once a petitioner gains access to the courts, the court may, in its discretion, appoint counsel when the interests of justice require. *See Carper*, 54 F.3d. at 617; 18 U.S.C. § 3006A(a)(2)(B). Franklin did not provide, nor is the Court aware of, any specific standard in deciding whether to supply copies of legal authority cited to a petitioner. Here, based on the Court's initial review of the record, Franklin appears to understand the issues in the case and to be representing himself in an intelligent and capable manner, even though he alleges that his current facility does not provide [the requested] legal materials . . . . More importantly, the Court can resolve Franklin's Petition on its merits without providing him access to every legal authority cited by Respondents. Therefore, the Court, in its discretion, does not find either option appropriate at this time.

*Franklin II*, 2021 U.S. Dist. LEXIS 82431, at *3-4 (quoting *Franklin I*, 2021 U.S. Dist. LEXIS 52922, at *3-4). Consequently, the Court will not order Respondents to provide Petitioner with

---

[2] *See also Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (observing that "the constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided"—and, moreover, that "an inmate must satisfy the standing requirement of 'actual injury' by showing that the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim" (citations omitted)).

3

the cases cited in their Answer [ECF 9]. The Court will therefore deny Petitioner's Motion for Cited Authority [ECF 11].

Lastly, because Respondents "take no position" on Petitioner's Motion for Leave to File a Response [ECF 12], the Court will grant this motion by permitting Petitioner to file his requested reply brief.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion for Cited Authority [ECF 11] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Leave to File a Response [ECF 12] is **GRANTED** in that Petitioner may file his reply brief responding to Respondents' Answer [ECF 9] no later than **thirty (30) days** from the entry of this Order.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE